21-6628
Lin v. Garland

BIA
Lurye, IJ
A208 927 855

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand twenty-four.

PRESENT:
DEBRA ANN LIVINGSTON,
*Chief Judge,*
STEVEN J. MENASHI,
ALISON J. NATHAN,
*Circuit Judges.*

_____

HONG HAO LIN,
*Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

21-6628
NAC

**FOR PETITIONER:** Vlad Kuzmin, Kuzmin & Assoc., P.C., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hong Hao Lin, a native and citizen of the People's Republic of China, seeks review of a November 9, 2021, decision of the BIA affirming an October 15, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Hao Lin*, No. A208 927 855 (B.I.A. Nov. 9, 2021), *aff'g* No. A208 927 855 (Immig. Ct. N.Y. City Oct. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence

2

standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Lin alleged that the police in China detained him for practicing Christianity in an unregistered church and that he continues to practice Christianity in the United States. Substantial evidence supports the agency's determination that Lin

3

was not credible.

The agency reasonably relied on Lin's inconsistent statements regarding when police first beat him, when he was first interrogated, how many officers took him from his cell to an interrogation room, and how many officers were in that room. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Despite an opportunity to explain these inconsistencies, Lin could not compellingly do so: he made several unresponsive statements, before stating either that he was nervous and the account in his application was correct or, without explanation, that his testimony was correct. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *cf. Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (noting that an applicant's assertion that she was nervous or afraid did not overcome a record of a sworn statement from a credible fear interview deemed sufficiently reliable for purposes of a credibility determination).

Having questioned Lin's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably afforded limited weight to unsworn letters from Lin's family and friends because those statements were prepared by interested parties who were not available for cross-examination. *See Likai Gao*, 968 F.3d at 149 (holding that an "IJ acted within her discretion in according . . . little weight [to letters from applicant's wife and friend] because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination"). The IJ further reasonably noted that Lin had not submitted medical evidence from his alleged hospital visit. And, although the IJ credited the testimony of a fellow church member corroborating Lin's attendance at church in the United States, the IJ did not err in finding that the witness, who had never spoken to Lin, failed to establish that Lin's attendance was genuine rather than for the purpose of bolstering his asylum claim. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

The inconsistencies and the lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273.[1] The adverse credibility determination was dispositive of all relief.[2] *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

The agency also did not err in finding that Lin's fear of persecution on account of his church attendance in the United States was not well-founded. To make such a showing, Lin had the burden of establishing either a reasonable possibility that he would be "singled out" for persecution in China or a "pattern or practice" of persecution of similarly situated Christians. 8 C.F.R. § 1208.13(b)(2)(iii). He was also required to show that authorities in China "are either aware of his activities or likely to become aware of his activities."

---

[1] We note that the agency appears to have misattributed an inconsistency regarding where a July 2015 church gathering was held to the March 2016 gathering, and the inconsistency regarding the visibility of Lin's injuries is not pronounced. Nevertheless, remand would be futile because the remaining findings constitute substantial evidence for the adverse credibility determination. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016); *see also Likai Gao*, 968 F.3d at 145 n.8.

[2] The BIA and Government suggest that Lin waived CAT relief on appeal. But the IJ denied CAT relief because Lin was not credible, so any challenge to the adverse credibility determination necessarily related to all forms of relief.

*Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). As the agency found, Lin's particularized evidence did not state that officials in China are aware of his religious practice in the United States or allege a basis to conclude that there is a reasonable possibility that his practice would be discovered. *See id.* And Lin did not establish a pattern or practice of persecution in China given evidence that tens of millions of Christians practice their religion in unregistered churches and that such religious practice is permitted in certain regions. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7